

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

F.#2009R02440

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

March 18, 2010

BY HAND and ECF

The Honorable E. Thomas Boyle
United States District Court
Eastern District of New York
834 Federal Plaza
Central Islip, New York 11722

>       Re:   United States v. Charles Manning
>             Criminal Docket No. 10-177 (ADS)

Dear Judge Spatt:

    The government respectfully submits this letter in opposition to defendant Charles Manning's request for bail. Previously, Your Honor issued a Temporary Order of Detention and Manning is scheduled to appear before Your Honor on Thursday, march 18, 2010 at 10:00 a.m. for a detention hearing. Because there is no condition or combination of conditions that would reasonably ensure that the defendant will return to court and not pose a danger to others, the Court should deny the defendant's request for bail.

I. Background

    Manning was arrested on March 15, 2010, pursuant to an Arrest Warrant issued as a result of the instant indictment. The indictment arises from a long-term joint investigation by the Drug Enforcement Administration ("DEA") and Southampton Town Police Department into narcotics trafficking in Southampton Town. The indictment charges Manning with conspiring to distribute at least fifty (50) grams of cocaine base between January 2009 and December 2009. Additionally, Manning is charged with 4 counts of distributing at least five (5) grams or more of cocaine base and five additional counts of distributing a substance containing cocaine base. The nine substantive counts of distribution of cocaine base resulted in the seizure of over 70 grams of cocaine base and were all both surveilled by law enforcement and captured on tape.

2

At the initial appearance on March 15, 2010, the government requested that permanent orders of detention be filed against Manning and his co-defendant. The Pretrial Services Agency recommended that Manning be released "on a substantial bond, co-signed by financially responsible suretors with verifiable employment." <u>See</u> Pretrial Services Report at 3. Manning did not present a bail package, and the Court entered a temporary order of detention and scheduled a bail hearing for March 18, 2010.

II.  <u>Legal Discussion</u>

The Bail Reform Act authorizes the pretrial detention of a defendant if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  A finding of risk of flight must be supported by a preponderance of the evidence.  A finding of dangerousness must be supported by clear and convincing evidence.  <u>See</u> <u>United States v. Chimurenga</u>, 760 F.2d 400, 405 (2d Cir. 1985).

At a detention hearing, the Court shall consider, among other factors, "the available information concerning --"

> (1)  The nature and circumstances of the offense charged, including whether the offense is a crime of violence;
>
> (2)  the weight of the evidence against the person;
>
> (3)  the history and characteristics of the person, including --
>
>> (A) the person's character, . . . , past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings . . . ; and
>>
>> (B) whether, at the time of the current offense . . . , the person was on . . . probation  . . or on other release . . . for an offense under Federal, State, or local law; and

3

>    (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. §3142(g).

In a narcotics case, there is a presumption "that no condition or combination of conditions will reasonably assure the appearance of [the defendant] as required." 18 U.S.C. § 3142(e). This presumption is well-established given that the mandatory minimum sentence for count one in the indictment is 10 years. Additionally, the Guidelines calculation for the substantive counts standing alone without the conspiracy count begins at a level 30. Assuming that the defendant is in Criminal History Category III, this level carries a range of imprisonment of 121 to 151 months. Given the strength of the evidence and the potential sentence the defendant is facing, the defendant certainly has a strong incentive to flee if released on bond.

Manning has a prior misdemeanor conviction for the possession of cocaine in 2004. Manning was originally charged with Possession with intent to sell over 2 ounces of cocaine in that case. Additionally, Manning is currently unemployed, has no assets and is on probation as a result of a Driving While Intoxicated conviction from 2008. Investigators with the Southampton Police Department spoke with Manning's probation officer and have been informed that the officer is in the process of seeking an arrest warrant for the defendant's arrest in state court as a result of the instant indictment.[1] The probation officer seeks to have Manning remanded in state court based, among other things, the underlying indictment as well as a prior arrest for driving with a license that was suspended due to the prior DWI conviction. The defendant's prior drug and DWI conviction along with the fact that he is currently serving a sentence of probation all favor detention. See 18 U.S.C. § 3142(g)(3)(A) and (B). The defendant's ongoing involvement in an active narcotics conspiracy makes him a danger to the community as well.

The combination of the presumption in favor of detention, the strength of the evidence, the nature and seriousness of the charges, the risk of flight, the defendant's

---

[1] The Pre-Trial Services Report indicates that the state court probation officer was not unavailable for comment at the time the report was prepared. See Pretrial Services Report at 2.

4

involvement in an ongoing narcotics conspiracy and all of the other reasons listed above warrant permanent detention of the defendant.  There is no condition or combination of conditions that would reasonably ensure that the defendant will return to court and not pose a danger to others.  For these reasons, the government respectfully requests that the Court deny the defendant's request for bail.

                              Respectfully submitted,

                              BENTON J. CAMPBELL
                              United States Attorney

                    By:   _____
                              Raymond A. Tierney
                              Assistant U.S. Attorney
                              (631) 715-7849

cc:   Richard Haley, Esq.